### Clarence J. TOLBERT, Petitioner–Appellant

v.

### Burl CAIN, Warden, Louisiana State Penitentiary, Respondent–Appellee.

No. 06–30180

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 2008.

Christopher Albert Aberle, Mandeville, LA, for Petitioner–Appellant.

Zata Walker Ard, District Attorney's Office for the Parish of Orleans, New Orleans, LA, for Respondent–Appellee.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Clarence J. Tolbert, Louisiana prisoner # 351590, appeals from the district court's denial of his application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Tolbert challenges his conviction of attempted distribution of cocaine.

Tolbert contends that trial counsel, Keith Lewis, was ineffective for failing to pursue any pretrial motions. He contends that Lewis was ineffective for failing to conduct discovery, view the State's evidence, or obtain information from his previous attorney. He argues that Lewis was ineffective for failing to meet with him before trial to discuss the case, and that Lewis's failure to meet with him is sufficient to demonstrate a constructive denial of counsel not requiring him to demonstrate prejudice, pursuant to *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Tolbert has not shown the complete failure of counsel required to bring his case under the rule of *Cronic. See Bell v. Cone,* 535 U.S. 685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Gochicoa v. Johnson,* 238 F.3d 278, 285 (5th Cir.2000). Tolbert does not argue that he received inef-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fective assistance of counsel under the test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nor does he present arguments for any of counsel's alleged deficiencies other than not meeting with him. Because Tolbert is represented by counsel, his brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir.1986). Tolbert has failed to brief those issues for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987).

AFFIRMED.